**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1997-22

U'BAY LUMUMBA,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

Submitted May 7, 2024 – Decided May 21, 2024

Before Judges Mayer and Whipple.

On appeal from the New Jersey State Parole Board.

U'Bay Lumumba, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

U'Bay Lumumba, an inmate at East Jersey State Prison, appeals from the January 25, 2023 final agency decision of the State Parole Board (Board) denying his parole and imposing a thirty-six-month future eligibility term (FET). We affirm.

Lumumba is serving an aggregate sentence of life imprisonment with a mandatory-minimum term of thirty-five years for murder, robbery, aggravated assault, possession of a weapon for an unlawful purpose, and unlawful possession of a weapon. Lumumba became eligible for parole for the second time on May 30, 2022. On March 11, 2022, after serving approximately thirty-six years of his sentence, Lumumba received an initial hearing, after which a hearing officer referred the matter to a Board panel for a subsequent hearing. In April 2022, a two-member panel conducted a hearing and referred Lumumba for a full Board hearing under N.J.A.C. 10A:71-3.18(c). In July 2022, the full Board conducted a parole release hearing, denied parole, and referred the matter to the full Board for the establishment of an FET that exceeded the administrative guidelines.

The full Board based its decision on numerous factors, including: the facts and circumstances of the offense; Lumumba's extensive and repetitive prior record; the increasingly more serious nature of his criminal record; the fact he

2

was sentenced for multiple offenses; his commission of a new offense while on probation, though his status was not formally revoked; prior incarceration and probation had failed to deter his criminal behavior; and his numerous, persistent institutional disciplinary infractions which were serious in nature and which resulted in loss of commutation time, confinement in detention, and Administrative Segregation. The Board also considered Lumumba's insufficient problem resolution, his lack of insight into his criminal behavior, and his minimization of his own conduct—as demonstrated by his panel interview, pre-parole report, documentation in the case file, and confidential material. Finally, the Board took into account his commission of his current offenses while on bail and the results of an objective risk assessment that indicated a "moderate" risk of recidivism.

As mitigating factors, the Board acknowledged Lumumba was infraction-free since the previous panel hearing; he participated in institutional programs specific to his behavior; institutional reports reflected a favorable institutional adjustment; he attempted to enroll in programs, though he was not admitted; and his commutation time had been restored. On October 12, 2022, the full Board convened and established a thirty-six-month FET, basing its decision on the same factors that it relied upon in denying Lumumba parole.

A-1997-22

Lumumba administratively appealed the full Board's decision, and the Board affirmed the denial of parole and imposition of a thirty-six-month FET on January 25, 2023. The Board rejected Lumumba's arguments the panel did not consider material facts and that the panel had failed to document that a preponderance of the evidence indicated a substantial likelihood he would commit a new crime if released on parole.

Rather, the Board found that it properly considered his entire record—including his juvenile record—and contrary to his claim, it was not limited to assessing only "new" material at each subsequent parole consideration. The Board likewise rejected Lumumba's argument that it should have considered the COVID-19 crisis and his positive COVID test as mitigating factors. The Board noted it was cognizant of the impact of COVID-19 in New Jersey prisons, but that it was not a sufficient basis for granting parole.

Lumumba also argued that the Board should have rescinded its decision denying parole because it relied upon a mental-health evaluation conducted by a psychologist who had allegedly been "fired" and "criminally charged" two months prior to the Board's denial of his parole. In light of the allegations against the psychologist, however, the Board had ordered a new psychological evaluation of Lumumba be conducted by a different evaluator prior to

4

A-1997-22

establishing the FET. Thus, on October 4, 2022, Lumumba underwent another evaluation, which the Board considered the following week when it convened to establish the FET. During the administrative appeal, the Board reviewed both mental-health evaluations in Lumumba's case and found that "appropriate decisions were made by the Board in its July 21, 2022 decision to deny [Lumumba] parole and the Board's October 12, 2022 determination to establish a thirty-six . . . month future eligibility term."

This appeal followed on March 6, 2023.

On appeal, Lumumba argues the Board unreasonably denied his parole request and imposed a thirty-sixty-month FET and that the Board should have been limited to only considering new information obtained since his first parole hearing. We disagree.

Our review of final decisions of the Board is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018). The Board's decisions, like those of other administrative agencies, will not be reversed unless they are "arbitrary, capricious[,] or unreasonable or [are] not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). This limited review of parole determinations accords agency action a presumption of validity and reasonableness. In re Vey, 272 N.J.

Super. 199, 205 (App. Div. 1993).  The burden is on the challenging party to show the Board's actions were unreasonable.  Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304-05 (App. Div. 1993).

Pursuant to N.J.S.A. 30:4-123.53(a), the Board should generally grant parole requests for release on an inmate's parole date, unless it can be shown by a preponderance of the evidence that the inmate failed to cooperate in their own rehabilitation or there is a "reasonable expectation that the inmate will violate conditions of parole."  In determining Lumumba should not be released on parole, the Board considered both mitigating and aggravating factors.  The Board noted that Lumumba's criminal history was extensive, and his prior experiences with the probation system had not deterred him from other criminal behavior.  The Board also considered Lumumba's insufficient problem resolution skills and lack of insight into his own behavior.  Lumumba's responses to questions posed at the time of his parole hearing—coupled with the pre-parole report, documentation in the case file, and a confidential psychological evaluation—established Lumumba "lack[ed] insight into [his] criminal behavior, and that [he] minimize[d] [his] conduct."  Likewise, the panel did not fail to consider the mitigating factors Lumumba argued supported his request for parole, but instead properly considered these factors within the facts

6

and circumstances unique to his case. The Board's decision is amply supported by the record and is consistent with the controlling law.

Regarding the FET, when a panel denies parole to an inmate serving a sentence for murder, the standard FET is twenty-seven months. N.J.A.C. l0A:71-3.21(a)(1). The standard FET, though, "may be increased or decreased by up to nine months when, in the opinion of the Board panel, the severity of the crime for which the inmate was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment." N.J.A.C. 10A:71-3.21(c). Here, the panel increased the standard FET by nine months based on the nature and circumstances of Lumumba's offenses, his institutional conduct, and his insufficient problem resolution skills.

Lumumba argues the Board should have been limited in its parole consideration solely to "new" information—that is, material obtained since his prior parole hearing—and that the Board's consideration of "old" information, such as the facts and circumstances of his underlying offenses, constituted an unconstitutional ex post facto violation. Lumumba relies on Holmes v. Christie, 14 F.4th 250 (3d Cir. 2021), to argue that the Board improperly relied upon "old" information that the Board previously had used in denying him parole.

We reject Lumumba's claim the Parole Board violated the ex post facto clauses of the federal and state constitutions by considering information that preceded the Board's prior parole denial. We also reject his assertion that the Board's consideration of such information violated the 1979 Parole Act, which limited the Board's consideration for parole after an initial denial to "new information" contained in a pre-parole report or elicited during a hearing. We rejected a similar argument in Trantino v. N. J. State Parole Bd., in which we held applying the 1997 Parole Act amendment—which deleted the new information mandate—to the parole hearing of an inmate whose offense occurred prior to 1997 "did not violate the ex post facto clause," because the change in the law was simply "a procedural modification that does not constitute a substantive change in the parole release criteria." 331 N.J. Super. 577, 610 (App. Div. 2000), aff'd in part, modified in part and remanded, 166 N.J. 113 (2001), modified, 167 N.J. 619 (2001).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1997-22